IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH ZAGATA, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>OMAHA PUBLIC POWER DISTRICT, a political subdivision of the State of Nebraska;<br><br>Defendant. | **8:16CV547**<br><br>**STIPULATED PROTECTIVE ORDER** |

This matter is before the Court on the parties' Joint Motion for Entry of Protective Order ([Filing No. 17](#)). The parties request that the Court enter their Stipulated Protective Order, which was signed and submitted by counsel for both parties, regarding certain confidential information of the parties. Having reviewed the matter,

**IT IS ORDERED** that the Joint Motion for Entry of Protective Order ([Filing No. 17](#)) is granted and the parties' Stipulated Protective Order shall govern the instant proceedings as follows:

1. The parties may disclose documents they designate "Confidential" to each other and their attorneys.

2. The designation shall be embossed upon the face of the document produced.

3. Any and all materials designated as "Confidential" and disclosed by either party and the contents thereof shall be maintained in confidence by counsel and all other parties to the above-captioned litigation.

4. The recipient may, within 30 days after receipt of the documents, object to the designation of any or all documents as "confidential" by the producing party. Thereafter, the documents shall remain confidential despite the objection for an additional 30 days. Upon expiration of the second 30 days following discovery, the documents shall no longer be confidential unless, before the expiration of the second 30 day time period, the producing party who designated the document(s) "confidential" files a Motion with the Court for an order declaring the documents confidential and subjecting them to a Protective Order.

5. Any and all materials designated as "Confidential" and disclosed by either party and the contents thereof shall be used only in connection with the above-captioned matter and shall not be used for any other purpose whatsoever.

6. No person who examines any document produced pursuant to this Order shall disseminate orally, in writing, or by any other means, the document(s) or the information contained therein, to any person not also authorized to examine documents under the terms of this order.

7. Witnesses, or personnel outside the law firm(s) of the recipient party shall be notified of this Stipulation and the Court's Order approving it, or any other Court Order governing the documents, and informed of their duty to abide by the Court's Order.

8. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege and materiality.

9. Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of the documents subject to this Protective Order and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary material.

10. Within 60 days after a final order rendered, entered, and becomes nonappealable in the litigation in which the documents are produced, the recipient party shall destroy all documents and all copies in that party's possession or, upon written request of the producing party made after the rendition and entry of final judgment, return the originally produced set of the documents to the producing party if not already destroyed.

11. A breach of the terms of this Order shall entitle the disclosing party, to appropriate sanctions, including but not limited to attorney's fees and costs incurred in the enforcement of this Order.

Dated this 28th day of November, 2017.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge